# United States Court of Appeals
## For the First Circuit

No. 25-1384

SVITLANA DOE; MAKSYM DOE; MARIA DOE; ALEJANDRO DOE; ARMANDO DOE; ANA DOE; CARLOS DOE; OMAR DOE; SANDRA MCANANY; KYLE VARNER; WILHEN PIERRE VICTOR; HAITIAN BRIDGE ALLIANCE; ANDREA DOE; VALENTIN ROSALES TABARES; MARIM DOE; ADOLFO GONZALEZ, JR.; ALEKSANDRA DOE; TERESA DOE; ROSA DOE; MIGUEL DOE; LUCIA DOE; DANIEL DOE; GABRIELA DOE; NORMA LORENA DUS,

Plaintiffs - Appellees,

v.

KRISTI NOEM, in their official capacity as Secretary of Homeland Security; PETE R. FLORES, in their official capacity as Acting Commissioner of U.S. Customs and Border Protection; KIKA SCOTT, in their official capacity as the Senior Official performing the duties of the Director of U.S. Citizenship and Immigration Services; DONALD J. TRUMP, in their official capacity as President of the United States; TODD LYONS, in their official capacity as the Acting Director of Immigration and Customs Enforcement,

Defendants - Appellants.

Before

Gelpí, Kayatta and Montecalvo,
<u>Circuit Judges</u>.

**ORDER OF COURT**

Entered: May 5, 2025

    The district court found that 8 U.S.C. § 1182(d)(5)(A) does not grant the Secretary of Homeland Security unreviewable discretion to terminate parole on other than a case-by-case basis. Hence, reasoned the district court, a decision to end plaintiffs' parole on other than such a basis is reviewable, and likely to be held contrary to law. It is also undisputed that the Secretary did indeed purport to categorically terminate plaintiffs' parole.

The statute is clear that parole in the first instance is to be granted only on a case-by-case basis. The statutory text is less clear regarding the termination of parole. Common sense suggests (but does not dictate) that parole given only on a case-by-case basis is to be terminated only on such a basis. The text, while not clear, points in this direction by speaking of termination of "such parole of such alien," and by referring to the singular "he," all consistently suggesting a case-by-case determination rather than a categorical determination. And the very lack of clarity cuts against a finding that the en masse termination is immune to judicial review. See Guerrero-Lasprilla v. Barr, 589 U.S. 221, 229 (2020).

Whether this is so we need not now decide. For present purposes it suffices to say that the Secretary has not at this point made a "strong showing" that her categorical termination of plaintiffs' parole is likely to be sustained on appeal. Nken v. Holder, 556 U.S. 418, 434 (2009) (citation omitted). Nor has she shown that the balance of harms and the public interest weigh so heavily in her favor as to warrant a stay of the district court order pending the outcome of this appeal in the absence of a strong showing that the Secretary will prevail.

Accordingly, the Secretary's "Emergency Motion for Stay Pending Appeal" of the district court's April 14, 2025 stay order is denied.

In our discretion, we have accepted the proposed amicus brief from Cities, Counties, and Local Government Leaders. We have considered the amicus brief only insofar as it addresses legal issues and positions raised by the parties. See Ryan v. U.S. Immigr. & Customs Enf't, 974 F.3d 9, 33 n.10 (1st Cir. 2020).

Any party intending to seek expedited briefing of the merits of the appeal should file an appropriate motion as soon as practicable.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
John A. Freedman
Laura Scott Shores
Anwen Hughes
Justin Cox
Brandon Galli-Graves
Daniel B. Asimow
Esther Sung
H. Tiffany Jang
Hillary Li
Karen C. Tumlin
Laura Flores-Perilla
Katie Weng
Robert Stout
Sarah Elnahal

Donald Campbell Lockhart
Rayford A. Farquhar
Patrick James Glen
Abraham R. George
Drew C. Ensign
Joseph Anton Darrow
Brian C. Ward
Yaakov Roth
Katherine Shinners
Elissa Fudim
Zachary Cardin
Daniel Schutrum-Broward
Anagha Sundararajan
Stephen J. Yanni