No. 25-1384

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

Svitlana Doe, *et al.*,

*Plaintiffs-Appellees*,

v.

Kristi Noem, Secretary of Homeland Security, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the District of Massachusetts

## UNOPPOSED MOTION FOR EXPEDITED SCHEDULE

YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

PATRICK GLEN
*Senior Litigation Counsel*

KATHERINE J. SHINNERS
*Senior Litigation Counsel*
First Cir. Bar No. 1216699
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878,
Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
katherine.j.shinners@usdoj.gov

ZACHARY CARDIN
ELISSA FUDIM
DANIEL R. SCHUTRUM-BOWARD
*Trial Attorneys*

Pursuant to 28 U.S.C. § 1657(a), Federal Rules of Appellate Procedure 27 and 31(a)(2), and this Court's Internal Operating Procedure VII, Defendants-Appellants respectfully move for an expedited schedule for this appeal. Expeditious briefing and processing of this appeal from the district court's preliminary order is warranted. The district court's order blocks the Executive Branch from exercising its discretionary authority over a key aspect of the Nation's immigration and foreign policy—and thwarts Congress's express vesting of that decision in the Secretary—by effectively preventing the Department of Homeland Security (DHS) from terminating the discretionary parole of hundreds of thousands of aliens who have not established a basis to remain in the United States. The government has a strong interest in expeditiously removing aliens who lack a lawful basis to remain in the United States, but the district court's order stymies DHS's efforts by requiring individualized parole determinations for every one of the 532,000 parolees under the affected parole programs—a colossal undertaking.

Accordingly, Defendants-Appellants request that the Court enter the following briefing schedule, to which Plaintiffs have agreed:

- Defendants-Appellants' opening brief shall be due June 11, 2025;
- Plaintiffs-Appellees' response brief shall be due 14 days after Defendants-Appellants' opening brief is served;

1

- Defendants-Appellants' reply brief shall be due 7 days after Plaintiffs-Appellees' response brief is served.

Defendants-Appellants further request that the Court generally expedite the processing of this appeal.

Good cause supports this request as follows.

1. Under the federal immigration laws, the Secretary of Homeland Security is empowered to grant "parole"—a temporary release from immigration detention into the interior of the United States—"on a case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). The prior administration used that limited release authority to establish special parole programs for eligible aliens from Cuba, Haiti, Nicaragua, and Venezuela (known collectively as "CHNV"). The new administration determined that such categorical parole programs were both inconsistent with the best use of the statute and contrary to the best interests of the United States. The parole statute empowers the Secretary to terminate parole "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." 8 U.S.C. § 1182(d)(5)(A). Accordingly, the Secretary issued notices that terminated all grants of CHNV parole in 30 days (by April 24, 2025). *See Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans*, 90 Fed. Reg. 13,611 (Mar. 25, 2025) (FRN).

2

2. The district court below enjoined the Secretary's parole terminations by purporting to stay their effect pending judicial review. The district court's stay has now prevented the Secretary's terminations of parole from taking effect for close to one month. As will be shown on appeal, that order is improper—because the court lacked jurisdiction to enter such relief and the Secretary plainly has discretion to terminate parole. Moreover, the district court's order is imposing harm by overriding the Secretary's discretionary determinations about immigration policy.

3. Specifically, the district court's order stymies DHS's ability to terminate parole that it has determined is not in the nation's interest and thus injures the nation's democratic system and the Executive Branch's immigration and foreign policy prerogatives. Our democratic system is irreparably injured when courts forbid the government from effectuating the President's policies against anyone anywhere in the Nation. *Cf. Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers). Those concerns escalate when, as here, the injunction undermines the Executive Branch's constitutional and statutory authority over immigration and the admission of aliens, *see Arizona v. United States*, 567 U.S. 387, 394-396 (2012), thereby engaging in "unwarranted judicial interference in the conduct of foreign policy." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 116 (2013); 90 Fed. Reg. at 13,621 (explaining that delay in terminating CHNV parole programs "would undermine the U.S. Government's ability to conduct foreign policy, including the

ability to shift governmental policies and engage in delicate and time-sensitive negotiations following a change in Administration"). Moreover, by disregarding a bar on judicial review enacted by Congress, 8 U.S.C. § 1252(a)(2)(B)(ii), the district court also encroached on the Legislative Branch's prerogatives as well.

4. In an effort to prevent this continuing harm pending appeal, Defendant-Appellants have sought to stay the district court's order pending appeal. This Court denied Defendants-Appellants' request for a stay of the order. *See* Order, Doc. No. 00118281252 (May 5, 2025). As to Defendants-Appellants' arguments that the district court lacked jurisdiction to review the Secretary's discretionary decision to terminate grants of parole, the Court expressed that there was a "lack of clarity" in the relevant parole statute concerning whether terminations were subject to a "case-by-case" requirement, and that "the very lack of clarity cuts against a finding that the en masse termination is immune to judicial review"—yet also held: "Whether this is so we need not now decide." *Id.* at 2. The Court held that the government had not "shown that the balance of harms and the public interest weigh so heavily in [its] favor as to warrant a stay." *Id.* Defendants-Appellants have since applied for a stay pending appeal from the Supreme Court. *See Noem v. Doe*, No. 24A1079 (filed May 8, 2025). That application is pending as of the time of filing.

5. If the Supreme Court stays the district court's order pending appeal, prompt resolution of the questions on appeal is in the interest of both parties. And if

4

the Supreme Court declines to grant a stay, expedited treatment of this appeal is warranted to prevent the ongoing irreparable harm to the Executive branch while the district court's order remains in effect, preventing DHS from giving effect to the Secretary's discretionary determination to terminate parole in line with the President's immigration policy. Expedited treatment will also potentially allow this Court to provide important guidance to the district court before a final decision is issued below. Moreover, Plaintiffs do not oppose expediting this appeal and have agreed to propose the briefing schedule requested herein; they will thus not be prejudiced by the relief sought in this motion.

For these reasons, Defendants-Appellants request that the Court generally expedite this appeal and enter the following briefing schedule: Defendants-Appellants' opening brief shall be due June 11, 2025; Plaintiffs-Appellees' response brief shall be due 14 days after Defendants-Appellants' opening brief is served; Defendants-Appellants' reply brief shall be due 7 days after Plaintiffs-Appellees' response brief is served.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

BRIAN C. WARD
Acting Assistant Director

PATRICK GLEN
Senior Litigation Counsel

/s/ *Katherine J. Shinners*
KATHERINE J. SHINNERS
First Cir. Bar No. 1216699
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 598-8259
(202) 305-7000 (facsimile)
katherine.j.shinners@usdoj.gov

ZACHARY CARDIN
ELISSA FUDIM
DANIEL R. SCHUTRUM-BOWARD
*Trial Attorneys*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 1,062 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word 2016 in proportionally spaced 14-point Times New Roman typeface.

Dated: May 28, 2025 /s/ *Katherine J. Shinners*
Katherine J. Shinners

## CERTIFICATE OF SERVICE

I, Katherine J. Shinners, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 28, 2025    /s/ *Katherine J. Shinners*
Katherine J. Shinners