

JUSTICE ACTION CENTER

July 28, 2025

VIA CM/ECF

Anastasia Dubrovsky
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

RE: *Doe v. Noem*, No. 25-1384 (Oral Argument July 29, 2025), Rule 28(j) Letter

Dear Ms. Dubrovsky,

Plaintiffs respectfully submit a response to Defendants' July 24, 2025 Rule 28(j) letter.

Defendants place more weight on *Boyle* and *Wilcox* than those cases can bear. In assessing a stay application in *Trump v. Boyle*, No. 25A11, 606 U.S. ----, 2025 WL 2056889 (July 23, 2025), a case involving the challenged removal of an executive officer, the Supreme Court ruled that "[t]he application is squarely controlled by *Trump v. Wilcox*, [145 S. Ct. 1415 (May 22, 2025)]," a case in which the Court stayed an order prohibiting the removal of another executive officer. The Court explained that while its interim orders "are not conclusive as to the merits, they inform how a court should exercise its equitable discretion in like cases." For at least two reasons, these decisions do not support Defendants' suggestion that the Supreme Court has already decided the merits of this appeal. *See also* Appellees' Br. at 51.

First, unlike the instant appeal, in *Wilcox* the Court provided an opinion explaining its reasoning for granting the government's stay application. The Court expressly acknowledged the parties' arguments and articulated its reasoning as to both the legal merits and the balance of equities. Here, however, the Supreme Court's stay order contains no opinion at all. The Court's admonishment that its interim orders should "inform how a court should exercise its equitable discretion in like cases," *Boyle*, 2025 WL 2056889, cannot apply when such an order provides no guidance to the lower courts.

Second, *Boyle* merely instructs that because it did not "differ from *Wilcox* in any pertinent respect," 2025 WL 2056889, the lower court should have understood from the *Wilcox* opinion that the balance of the equities favored a stay in materially indistinguishable circumstances. But that holding has no relevance here, in a case in a substantially different procedural posture, with substantially different facts, and with a stay order from the Supreme Court containing no opinion or reasoning for the Court's decision.

      Neither *Boyle* nor *Wilcox* supports Defendants' position that the Supreme Court's stay decision can or should guide this Court's evaluation of the equities here.

Sincerely,

Hillary Li
Justice Action Center
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
hillary.li@justiceactioncenter.org

## CERTIFICATE OF SERVICE

  I hereby certify that on July 28, 2025, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: July 28, 2025　　　　　　　　　　　　　　/s/Hillary Li
　　　　　　　　　　　　　　　　　　　　　　　Hillary Li