

JUSTICE ACTION CENTER

August 6, 2025

VIA CM/ECF

Anastasia Dubrovsky
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      RE: *Doe v. Noem*, No. 25-1384 (Oral Argument July 29, 2025), Rule 28(j) Letter

Dear Ms. Dubrovsky,

      In response to the panel's questions regarding lenity when interpreting ambiguous immigration statutes, Plaintiffs submit the following information.

      Since 1948, the Supreme Court has consistently resolved ambiguity in immigration statutes in favor of the noncitizen, given that deportation—even if not criminal punishment—is a "drastic measure and at times the equivalent of banishment of exile." *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948). In *Fong*, the Court recognized that although "constru[ing a] statutory provision less generously to the alien might find support in logic[,] . . . since the stakes are considerable for the individual, we will not assume that Congress meant to trench on his freedom beyond that which is required by the narrowest of several possible meanings of the words used." *Id.*; *accord, Costello v. I.N.S.*, 376 U.S. 120, 128 (1964). Indeed, by 1966, the Solicitor General himself referred to this concept as the "familiar rule that doubts concerning the interpretation of deportation laws must be resolved in favor of the alien." Pet. Br. at 36-37, *I.N.S. v. Errico*, 385 U.S. 214, 225 (1966) [https://perma.cc/4B7T-7VVR].

      Even following *Chevron*, the Supreme Court continued to cite this rule and has never disavowed it. *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 448 (1987); *I.N.S. v. St. Cyr.*, 533 U.S. 289, 320 (2001); *Dada v. Mukasey*, 554 U.S. 1, 18-19 (2008). And in any event, post-*Loper-Bright*, "[c]ourts must exercise their independent

judgment in deciding whether an agency has acted within its statutory authority." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024).

      Lower courts likewise continue to apply lenity in resolving ambiguous immigration statutes. Less than two months ago, the Sixth Circuit cited this line of Supreme Court cases, noting that "a statute in equipoise would call for the rule of lenity to alleviate the ambiguity. When such uncertainty clouds a deportation statute, the longstanding principle of construing it in favor of the alien kicks into gear." *Castillo v. Bondi*, 140 F.4th 777, 781 (6th Cir. 2025); *see also United States of America v. Herns Sajous, Defendant.*, No. 3:25-CR-00036-RAM-EAH, 2025 WL 2097261, at *6 n.8 (D.V.I. July 25, 2025).

Sincerely,

*[signature]*

Brandon Galli-Graves
Justice Action Center
P.O. Box 27280
Los Angeles, CA 90027
(435) 359-6480
brandon.galli-graves@justiceactioncenter.org

## CERTIFICATE OF SERVICE

 I hereby certify that on August 6, 2025, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: August 6, 2025             <u>/s/ Brandon Galli-Graves</u>
                         Brandon Galli-Graves